**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

CARNEGIE HOSPITALITY, LLC,                )
                                          )    Civ. Case No. 1:25-cv-04869-DEH
                        *Plaintiff,*      )
                                          )
            -v-                           )
                                          )
PARKEROSE LLC AND FINALEE LLC,            )
                                          )
                        *Defendants,*     )
                                          )

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Carnegie Hospitality LLC ("Plaintiff") and Defendants Parkerose LLC ("Parkerose") and Finalee LLC ("Finalee") (Parkerose and Finalee, collectively, the "Defendants") (Carnegie Hospitality, Parkerose and Finalee, together, "the Parties," and individually, a "Party") desire to obtain a protective order to prevent inappropriate dissemination or inappropriate disclosure of information and tangible things; which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, subject to the Court's approval, that pursuant to Rule 26 of the Federal Rules of Civil Procedure, the following provisions apply to information and tangible things in these proceedings.

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

1

warranted.    Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under applicable law.

**2.      DEFINITIONS**

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2      <u>Protected Material</u>:  Protected Material (regardless of how it is generated, stored or maintained) shall be designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' based on objective criteria, including but not limited to the material's proprietary nature, competitive sensitivity, and potential harm from disclosure.

2.3      <u>Designating Party</u>: a Party or Non-Party that designates or that has a reasonable expectation of the right to designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4      <u>Disclosure or Discovery Material</u>:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed or used in this matter.

2.5      <u>Expert</u>:  a person with specialized knowledge or experience in a field pertinent to the issues in this litigation, such as consumer confusion, damages calculation, or any other subject matter requiring expert analysis, as mutually agreed upon by the Parties. Such person (1) has been retained by a Party to serve as an expert witness or as a consultant in this action and has been properly disclosed pursuant to Rule 26(a)(2), (2) is not a past or current employee of a Party, and

(3) at the time of retention, is not anticipated to become an employee of a Party.

2.6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material:

"Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm to the business, competitive, commercial, or strategic interests of a Party that could not be avoided by less restrictive means, including but not limited to: financial data and analyses; revenue, cost, and profitability information; marketing strategy and expenditures; competitive positioning assessments; future business plans or contemplated market expansions; information relating to licensing, franchising, or co-branding efforts or negotiations (whether current, proposed, or prospective), including agreements, drafts, communications with potential franchisees or licensees, diligence materials, sales projections, royalty structures, and internal criteria for evaluating franchise and licensing candidates; and other strategic decision-making information or commercially sensitive data that is not publicly known and that a Party maintains as confidential in the ordinary course.

2.7    House Counsel:  attorneys who are employees of a Party to this action employed to perform legal work as their role.  House Counsel does not include Outside Counsel of Record or any other counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys and law firms who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party (as well as their support staff).

2.10    Party:  any party to this action, including all of its officers, directors, employees (including House Counsel), and Outside Counsel of Record.

3

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Information:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Protected Material:  any Protected Information; information copied or extracted from Protected Information; all copies, excerpts, summaries, or compilations of Protected Information; and any testimony, conversations, or presentations made by Parties that might reveal Protected Information.

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order do not extend to:

(a)    any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party;

(b)    any information that was independently developed without use of or reliance upon information produced by a Party to this action; or

4

(c)    information produced by the Party seeking to use or disclose the information.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice, including as a result of settlement of this Action; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced in accordance with this Stipulated Protective Order, including in accordance with this Section and its subparts.

Designation in conformity with this Stipulated Protective Order requires:

(a)    <u>for Protected Material in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party stamp or otherwise clearly mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation stamp or mark must be included in the file name and on any slipsheets when produced.

(b)    <u>for testimony given in deposition or other pretrial hearing</u>, that the Designating

Party either: (1) identifies on the record, or (2) identifies, in writing, within 20 calendar days, or for as many days as the Parties shall otherwise agree, of the Designating Party's receipt of the final transcript from the court reporter, that portions of the transcript must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material must be stamped or otherwise clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing such Protected Material. The Designating Party shall inform the court reporter of these requirements. During the 20-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to Section 5.2 as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety for a period of 20 calendar days of the Designating Party's receipt of the final transcript from the court reporter. After the expiration of that period or of such earlier time that such portions of the transcript are designated, the relevant portions of the transcript will be treated only as actually designated. (c) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed a stamp or other clear

marking of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to designate or otherwise secure protection under this Stipulated Protective Order for such material.  In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production to the Receiving Party (the "Inadvertent Production Notice") within 14 days of discovering the error, and thereafter such designated portion(s) of the Protected Material will be deemed to be, and treated as, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party who, in good faith, objects to any designation of confidentiality may promptly serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection, with such notice being made no more than 30 days after the production of the materials so designated, or within 15 days of subsequently developing a good faith basis to make such objection.  If the Parties cannot reach agreement within 21 calendar days, counsel for all Parties shall address their dispute to the Court in accordance with all relevant procedural rules over the dispute over designation of Protected Material.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.

(a)  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b) Protected Material may be used in related legal proceedings, including Trademark Trial and Appeal Board (TTAB) actions, subject to Court approval and appropriate safeguards.

(c) Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(d) A Receiving Party must comply with the provisions of Section 12 below for the Duration of this Stipulated Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel, only if filed or submitted under seal and plainly and unambiguously identified as Protected Confidential materials.

(e)    court reporters who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants who have signed a confidentiality agreement and the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom disclosure is reasonably necessary;

(h)    the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i)    any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as direct employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the Court and its personnel, only if filed or submitted under seal and plainly and unambiguously identified as Protected Attorneys-Eye only materials;

(c)    court reporters and their staff, only if filed or submitted under seal and

9

plainly and unambiguously identified as Protected Attorneys-Eye only materials;

(d)     court reporters who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(f)     any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3-A  Disclosure Log. Any disclosure by a Receiving Party of material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  shall be immediately logged by the Outside Counsel of Record making such disclosure on behalf of  the Receiving Party, in a log exclusive to this litigation that shall contain, at a minimum, the person(s) and entity(s) disclosed to, exact date and time of disclosure, precise identification of the materials disclosed, the means of disclosure (i.e. hard copy, e-mail, etc.…), the security used to maintain protection over the data and materials, the specific purpose of the disclosure, and the date and time that the receiver of the Protected Material(s) from the Receiving Party signed the "Acknowledgment and Agreement to Be Bound" appended as Exhibit A.

The Disclosure Log shall be maintained on a confidential basis and shall not be disclosed to the Designating Party absent a showing of good cause, including but not limited to a suspected or actual unauthorized disclosure or data leak or misuse of materials designated confidential, regardless of whether such disclosure or misuse was intentional or not.

7.4     Disclosure During Depositions.  Whenever Protected Material is to be discussed or disclosed in a deposition, only Outside Counsel of Record and the Parties' House Counsel may attend for the period during which such Protected Material is to be discussed or disclosed. A Parties

10

House Counsel's attendance at a deposition is solely as a party representative and does not afford House Counsel the authority to participate in the deposition by asking questions or making objections. In the event that the protected materials contain HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY materials, only Outside Counsel of Record may attend or participate for the period during which such Protected Material is to be discussed or disclosed and House Counsel may not remain present for discussions and disclosures.

7.5     <u>Disclosure During Hearings and Pre-Trial Proceedings</u>.  Whenever Protected Material is to be discussed or disclosed in a hearing or pre-trial proceeding, the Designating Party may seek leave from the Court to exclude from the virtual or physical room any person, other than the persons or Parties authorized to review the Protected Material, for that portion of the hearing or pre-trial proceeding during which such Protected Material is to be discussed or disclosed.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order. No party to this litigation, their Counsel of Record, or any receiver of materials designated as "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL" may request, seek, or otherwise induce any party to any other litigation to seek to notice or compel the production of protected materials from this litigation. In other words, no other litigation may be used as a work around to avoid the protections negotiated under this agreement.  Any attempt to induce production of Protected Material in other litigations shall be subject to immediate sanctions, including injunctive relief.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.  The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or 45(f).

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

Any discovery requests propounded to Non-Parties, including subpoena and deposition notices propounded to Non-Parties, must be accompanied by a copy of this Stipulated Protective Order.  The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Non-Parties may seek additional protections only if strictly necessary and approved by the Court, ensuring no undue restriction on evidence needed for prosecution of the claim.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession which is prohibited from disclosure pursuant to an agreement between the Party and the Non-Party, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is prohibited

12

from disclosure under a confidentiality agreement between the Party and Non-Party; and (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation and the relevant discovery request(s).

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and require them to return or destroy all unauthorized copies of the Protected Material, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    MISCELLANEOUS

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek a modification by the Court in the future, or to seek sanctions, indemnification, damages or other relief from the Court as a result of disclosure by a Receiving Party of materials designated for protection under this Protective Order in a manner or respect that is unreasonable, unnecessary or outside the scope of disclosure authorized by this Protective Order.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  The Party intending to file Protected Material with the Court, or portions of any pleadings, motions, or other papers that disclose such Protected Material ("Confidential Court Submission"), shall be responsible for filing a redacted copy of the Confidential Court Submission publicly via the Electronic Case Filing System ("ECF"). Simultaneously, the same Party shall file an unredacted copy under seal via ECF (with the appropriate level of restriction), with proposed redactions highlighted, and submit an unredacted copy to Chambers by email. The filing Party must comply with all applicable individual rules of civil practice of the presiding judge.

11.4    Inadvertent Disclosure of Privileged Material.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

If a Disclosing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within 5 business days, return or destroy all copies of the Inadvertently Disclosed Information and provide written confirmation that all such information has been returned or destroyed.

Within 14 business days of written confirmation that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14

of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party

to request an *in camera* review of the Inadvertently Disclosed Information.

12.    <u>FINAL DISPOSITION</u>

Within 60 calendar days after the final disposition of this action, as defined in Section 4,

each Receiving Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel of Record are

entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and Expert work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material remain

subject to this Protective Order as set forth in Section 4.

Dated:  January 12, 2026

Respectfully submitted,

/s/Eleni Melekou

Eleni Melekou
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 11th Floor
New York, NY 10022
Telephone: (212) 213-8511
eleni@pnlawyers.com

*Attorneys for Plaintiff Carnegie*
*Hospitality LLC*

/s/David D. Lin

David D. Lin
Lewis & Lin, LLP
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Telephone: (718) 243-9323
david@ilawco.com

*Attorneys for Defendants Parkerose LLC and*
*Finalee LLC*

**IT IS SO ORDERED**, this 22nd day of January, 2026.

_____
HON. DALE E. HO
United States District Judge

The parties are apprised that the Court retains discretion
as to whether to afford confidential treatment in
its opinions and orders to information the parties have
redacted, sealed, or designated as confidential. The
Court retains the discretion to allow disclosure of any
subject covered by this stipulation or to modify this
stipulation at any time in the interest of justice.

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------

CARNEGIE HOSPITALITY, LLC,                    )
                                              )    Civ. Case No. 1:25-cv-04869-DEH
                         *Plaintiffs*,        )
                                              )
              -v-                             )
                                              )
PARKEROSE LLC AND FINALEE LLC,                )
                                              )
                         *Defendants*,        )
                                              )
_____       )


**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE**
**BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Carnegie Hospitality LLC v. Parkerose LLC, et al.* (Civil Case No. 1:25-cv-04869-DEH). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

17

Title: _____

Address: _____

Signature: _____

Date: _____