UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARNEGIE HOSPITALITY, LLC,

Plaintiff,

v.

PARKEROSE LLC and FINALEE LLC,

Defendants.

25 Civ. 4869 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Defendants Parkerrose LLC and Finalee LLC move to dismiss this action filed by Plaintiff Carnegie Hospitality LLC seeking, *inter alia*, declaratory relief relating to alleged trademark infringement. Plaintiff operates the brick-and-mortar chain of Carnegie Diner and Cafés, while Defendants own the rights to the now-defunct Carnegie Deli, which they continue to use for pop-up locations at sporting venues in New York City and for branded retail sales. Plaintiff alleges that Defendants threatened litigation for trademark infringement in violation of a settlement agreement which provided for Plaintiff's use of the "Carnegie" mark under certain conditions, none of which any party asserts were violated. Plaintiff then brought suit, seeking a declaration of non-infringement and asserting claims for breach of contract. Defendants argue that Plaintiff's claims fail for several reasons, including a lack of standing to bring claims for breach of contract or to seek a declaration of non-infringement and the failure to join a necessary party. On review, the Court concludes that Defendants' arguments are, for the most part, without merit and **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

## BACKGROUND

Plaintiff Carnegie Hospitality is the owner of the several brick and mortar "Carnegie Diner & Café" branded sit-down restaurants in New York, New Jersey, and Virginia. Compl. ¶¶ 63-65,

ECF No. 1.  Plaintiff owns a "Carnegie Diner and Cafe" trademark associated with these restaurants.  *Id.* ¶ 65.  Carnegie Diner and Café menus include, but do not center around, sandwiches.  *Id.* ¶ 66.  Defendants are the assignees of the now shuttered Carnegie Deli, a brick-and-mortar restaurant that closed in 2016.  *Id.* ¶¶ 73-75.  Defendants still use the marks associated with Carnegie Deli for pop-up locations at sporting events and branded sales at supermarkets.  *Id.* ¶¶ 77-81.

On January 15, 2021, the Parties entered a settlement agreement to address various issues of concurrent use of the "Carnegie" marks.  *Id.* ¶ 88 (the "Settlement Agreement").  The primary dispute related to the similarity of the color combination of the two logos, shown below.  *Id.* ¶ 95.

 

*Id.* ¶ 26, Ex. 1 at 1.  As a result, Plaintiff agreed to not use the "(i) color combination of red and white, (ii) color combination of red and yellow, (iii) a stylized, large C, or (iv) the 'Carnegie Deli' font."  *Id.* ¶ 89.  The new logo is below:



*Id.* ¶ 26.  Per the agreement, Defendants consented to use of the phrase "Carnegie Diner & Cafe" in branding by Carnegie Diner & Cafe and its "affiliates, subsidiaries, heirs, representatives, parents, successors, and assigns." *Id.* ¶ 93.

Despite the Settlement Agreement, Defendants have renewed their objection to Plaintiff's use of the "Carnegie" mark.  Defendants first filed a Petition for Cancellation of the "Carnegie Diner & Cafe" Mark with TTAB, alleging "likelihood of confusion, dilution, false suggestion of connection with an institution, breach of the Agreement, fraud on the United States Patent and Trademark Office and that the registration for the Mark is void *ab initio*." *Id.* ¶ 105.  Defendants then sent a letter Notice of Infringement to Plaintiff, claiming Plaintiff infringed on the Carnegie mark through the use of the word "Carnegie" with the words "catering" and "hospitality." *Id.* ¶ 139.

Roughly a month later, Plaintiff filed suit in this Court, seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that:

> (a) the Mark is owned exclusively by Plaintiff, (b) Plaintiff has exclusive rights in the Mark in connection with the services covered by its registration, (c) Plaintiff's use and registration of the Mark does not infringe Defendant's trademark rights and is not likely to cause confusion with any of Defendants' marks under the Lanham Act. (d) there was no fraud in Plaintiff's application with the USPTO for the registration of the Mark, (e) no likelihood of confusion with Defendants' marks arises through use and registration of the Mark, (f) the Mark does not cause dilution of Defendants' alleged marks, (g) the Mark does not make any false suggestion or connection with Defendants, (h) Plaintiff has not and is not infringing Defendants' intellectual property rights, (i) Plaintiff's sales are not connected with Defendants' alleged intellectual property, if any, (j) registration of the Mark is in full force and effect and neither is or was void ab initio, and (k) Plaintiff is not in breach of the Agreement with Defendants due to Plaintiff's use and registration for the Mark.

*Id.* ¶ 190.  Plaintiff also seeks a declaration that Plaintiff's use of the word "Carnegie" with the words "Hospitality," "Catering," "Famous," or "Landmark" does not constitute trademark infringement, trademark dilution, false designation of origin, unfair competition, or deceptive trade practices.  *Id.* ¶ 194-209.  Separate from direct trademark claims, Plaintiff also seeks to enforce

3

the Settlement Agreement, seeking a declaration of non-breach on Plaintiff's part and alleging breach by Defendants for their interference with Plaintiff's permitted use of the mark. *Id.* ¶ 222-266.

## LEGAL STANDARDS

**12(b)(1).** A motion to dismiss for lack of subject matter jurisdiction made pursuant to Rule 12(b)(1) will be granted "when the district court lacks the statutory or constitutional power to adjudicate" the action. *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002).[1] The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . .." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In determining what constitutes a justiciable controversy for purposes of the Declaratory Judgment Act, the United States Supreme Court has written that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 394-95 (S.D.N.Y. 2011) (citing *MedImmune*, 549 U.S. at 127).

**12(b)(6).** To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

662, 678 (2009)).  In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07.  But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**12(b)(7).**  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party is governed by Rule 19.  *Marsh USA LLC v. Parrish*, No. 25 Civ. 6208, 2025 WL 3171894, at *2 (S.D.N.Y. Nov. 13, 2025).  Under Rule 19, the court must first determine whether the absent party is "required to be joined if feasible." A party may be "necessary under Rule 19(a) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may[,] ... as a practical matter[,] impair or impede the parson's ability to protect the interest." Fed R. Civ. P. 19(a)(1)(B); *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 356-57 (2d Cir. 2015).  If joinder is not feasible, then the court must determine whether "in equity and good conscience" the action should proceed or be dismissed.  Fed R. Civ. P. 19(b).  Dismissal is warranted "only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'n*, 795 F.3d at 357.

## DISCUSSION

Defendants move to dismiss the complaint in its entirety.  On the infringement claims, Defendants argue that Plaintiff lacked standing to bring a declaratory action based on the demand letter styled as a "Notice of Infringement." On the contract claims, Defendants first argue that Plaintiff lacks standing to enforce the Settlement Agreement as an assignee and non-signatory to the settlement.  Next, Defendant argues that Plaintiff, as an assignee, failed to join a necessary party—namely, the original signatory to the contract.  And last, Defendant argues that the claim

5

for breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract claim.  The Court takes each argument in turn.

## I.     Standing for a Declaratory Action

Defendants argue that Plaintiff lacks standing for a declaratory judgment because a mere filing of a TTAB cancellation proceeding is insufficient under *MedImmune* to constitute "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vina Casa*, 784 F. Supp. 2d at 394-95 (citing *MedImmune*, 549 U.S. at 127).  However, the Court concludes that Plaintiff has adequately plead an impending controversy based on Defendants' demand letter threatening litigation for infringement.

Defendants primarily rely on *Viña Casa* for the proposition that a TTAB proceeding is insufficient in itself to allow for a proceeding under the Declaratory Judgment Act.  But in *Viña Casa*, "[t]he dispute . . . center[ed] on Viña Casa's attempted registration—not use—of the [Defendant's] mark." *Viña Casa*, 784 F. Supp. 2d at 395.  The court contrasted cases in which declaratory judgment defendants asserted actual infringement of a mark (in which cases there was an actual controversy and, thus, standing) rather than simple opposition to registration of a mark (in which cases there was not).  *See id.* at 395-97; *see also Water Pik, Inc. v. Med-Systems, Inc.,* No. 10 Civ. 1221, 2011 WL 843916, at *2 (D.Colo. Mar. 8, 2011) (finding jurisdiction where the defendant not only opposed registration of the plaintiffs mark in the TTAB but also had filed a federal trademark infringement suit against plaintiff which the defendant then dismissed without prejudice to its refiling); *Blue Athletic, Inc. v. Nordstrom, Inc.,* No. 10 Civ. 36, 2010 WL 2836303, at *4 (D.N.H. July 19, 2010) ("[T]he combination of two demand letters and formal TTAB opposition on infringement grounds, all steeped in the language of trademark infringement, is sufficient to meet the *MedImmune* standard."); *Venugopal v. Sharadha Terry Products, Ltd.,* No.

07 Civ. 484C, 2009 WL 1468462, at *4 (W.D.N.Y. May 22, 2009) (finding jurisdiction where the defendant asserted in cease-and-desist letter to plaintiff that it believes any use of the plaintiff's trademark would infringe on the defendant's use of its own trademark and subject plaintiff to liability for trademark infringement and unfair competition); *Floyd's 99 Holdings, LLC v. Woodrum,* No. 08 Civ. 1321, 2009 WL 798804, at *5 (D.Colo. Mar. 24, 2009) ("The existence of [a TTAB] proceeding, coupled with the parties' extensive history of confrontation and negotiation concerning their competing marks and [the defendant's] prior threat of litigation, sufficiently demonstrates the existence of a case or controversy sufficient to support invocation of the Declaratory Judgment Act.").

This case is squarely within the latter category of an actual, rather than a merely hypothetical, dispute. The May 30, 2025 demand letter is titled "Infringement of Carnegie Deli's Trademarks and Violation of the January 15, 2021 Agreement between Carnegie Deli and Carnegie Diner & Café." Compl. Ex. 4 at 2, ECF No. 1-4. The letter also indicated that Defendants were prepared to seek "injunctive relief and a judgment for damages, including treble damages and claims for our client's attorneys' fees and costs." *Id.* at 16. The letter further demanded that Plaintiff preserve all documents related to the alleged infringement due to the "likelihood of further litigation." *Id.* at 17. And the letter was based on a prior settlement of allegations of infringement from several years prior. Compl. ¶ 88. On these facts, the Court concludes that there was a live infringement controversy that could properly be the subject of a declaratory judgment action.

## II.  Assignee Standing

Defendants next argue that Plaintiff's contract claims fail because it has failed to show it has any right to enforce the contract. *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) ("To have standing, a plaintiff must assert its own legal rights and interests…"); *Hillside Metro Associates, LLC v. JP Morgan Chase Bank, Nat. Ass'n*, 747 F.3d 44 (2d Cir. 2014)

(vacating lower court judgment and remanding with instructions to dismiss breach claim for lack of subject matter jurisdiction where Plaintiff was not a party to the agreement). They argue that Plaintiff failed to plead that it is an assignee or intended third-party beneficiary of the Settlement Agreement, depriving it of any ability to enforce said agreement. The Court disagrees.

Plaintiff alleges that it is the registrant of the "Carnegie Diner & Café" mark (Registration No. 6632349) and an "assignee, affiliate and beneficiary" of the Settlement Agreement. Compl. ¶¶ 4, 43, 49, 89. "By terms of paragraph 9 [of the Settlement Agreement]," Plaintiff alleges that "the agreement inures to Plaintiff's benefit." Compl. ¶ 50; Compl. Ex. 1 ¶ 9, ECF No. 1-1. The Court concludes that these allegations are sufficient to establish standing to enforce the agreement as an assignee of the initial contracting parties. To the extent Defendants dispute Plaintiff's allegation that it is truly the assignee of the contract, that is a question properly left for later stages of this litigation.

## III.    Failure to Join a Necessary Party

For the same reasons that Defendants contractual arguments fail, so too does the argument that Plaintiff failed to join a necessary party. As described above, Plaintiff has adequately alleged that it is an assignee of the Settlement Agreement. There is, thus, no need to join the original contracting party because Plaintiff represents that party by way of the assignment of contractual rights. Fed R. Civ. P. 19(a)(1)(B) (A party may be "necessary under Rule 19(a) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may[,] ... as a practical matter[,] impair or impede the parson's ability to protect the interest."). As Plaintiff alleges, it is the sole holder of any rights to the Carnegie Diner and Cafe mark and any rights under the contract; therefore, there is no risk of an inconsistent judgment or inability to protect a non-party's interest. Accordingly, dismissal under Rule 19 is unwarranted.

8

## IV.    Implied Covenant of Good Faith and Fair Dealing

"Under New York law, the implied covenant of good faith and fair dealing inheres in every contract." *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir. 1994). "As a general rule, '[t]he cause of action alleging breach of [the implied covenant] is duplicative of a cause of action alleging breach of contract." *OHM Remediation Servs. Corp. v. Hughes Env't Sys., Inc.*, 952 F.Supp. 120, 124 (S.D.N.Y. 1997) (quoting *Apfel v. Prudential-Bache Securities Inc.*, 183 A.D.2d 439, 439 (1st Dep't 1992); *see also, e.g., W.S.A., Inc. v. ACA Corp.*, Nos. 94 Civ. 1868, 94 Civ. 1493, 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) (noting that "every court" faced with a complaint brought under New York law alleging both breach of contract and breach of the implied covenant has dismissed the latter claim as duplicative), *modified on other grounds on reconsideration,* 1996 WL 735508 (S.D.N.Y. Dec. 20, 1996). However, a claim for breach of this covenant "is not duplicative of a breach of contract claim where the complaint alleges conduct that is separate from the conduct constituting the alleged breach of contract and such conduct deprived the other party of the benefit of its bargain." *AEA Middle Mkt. Debt Funding LLC v Marblegate Asset Mgt., LLC*, 214 A.D.3d 111, 132-33 (1st Dept. 2023).

The Court concludes that the claim for breach of the implied covenant is duplicative of the breach of contract claim. The conduct forming the basis of the alleged breach of the covenant is identical to that underlying its alleged breach of Settlement Agreement: interference with Plaintiff's registration of their mark and allegations of infringement despite Plaintiff's alleged compliance with the agreement. And the relief sought on the two claims is also identical. Because Plaintiff "does not allege that it has suffered damages from [Defendant's] alleged breach of the implied covenant that are distinct from the damages it seeks for breach of the [Settlement Agreement]," Plaintiff's "breach of the implied covenant claim[] is duplicative and must be

9

dismissed." *Page Mill Asset Mgmt. v. Credit Suisse First Bos. Corp.*, No. 98 Civ. 6907, 2000 WL 335557, at *9 (S.D.N.Y. Mar. 30, 2000).

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. Count V is **DISMISSED**. The Clerk of Court is respectfully directed to terminate ECF No. 17.


SO ORDERED.

Dated: March 19, 2026

     New York, New York

                                           DALE E. HO
                              United States District Judge